IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE                                          :

                                               :     CASE NO.  11-07081 (MCF)
ALEXIS W. RIVERA LOPEZ                          :
MARIA A. BENERO MARTIN                          :     CHAPTER  7
                                               :
             Debtors                           :
_____:
                                               :
ALEXIS W. RIVERA LOPEZ                          :     ADVERSARY NO. 12-00318 (MCF)
MARIA A. BENERO MARTIN                          :
                                               :
             Plaintiffs                        :
                                               :
vs.                                            :
                                               :
DORAL BANK, et al.                             :
                                               :
             Defendants                        :
                                               :
_____:

**OPINION AND ORDER**

Plaintiffs Alexis W. Rivera Lopez and Maria A. Benero Martin seek a partial judgment as to whether the Defendant Doral Bank willfully violated the automatic stay and the Chapter 7 discharge injunction. Doral Bank has not opposed the Motion for Partial Summary Judgment, after being granted several extensions to do so. The matter is ripe for determination.

**I. UNCONTESTED MATERIAL FACTS AND PROCEDURAL HISTORY**

The relevant undisputed facts in this case are as follows:

1.  On August 23, 2011, Debtors Alexis W. Rivera Lopez and Maria A. Benero Martin (hereafter referred to as "Debtors") each filed a separate voluntary petition under Chapter 7.

1

2.   In each bankruptcy case, the Clerk issued a Notice of the filing of the Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines which stated the following:

**Creditors May Not Take Certain Actions:**

> In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

3.   The Bankruptcy Noticing Center sent the aforementioned notices by first class mail to creditors listed in the Master Address Lists in each of the cases on August 24, 2011.

4.   Both Debtors included Doral Bank (hereinafter referred to as "Doral") in their respective Master Address Lists.

5.   In their Schedules, Doral is listed as holding a secured claim for $128,043.92, accrued on account of a mortgage note secured by a mortgage deed over Debtors' real property.

6.   Subsequently, both petitions were consolidated into the lead bankruptcy case.

7.   Doral's legal representative filed a Notice of Appearance and Request for Notice on December 12, 2011.

8.   On March 20, 2012, the court entered discharge of Debtors.

9.  On March 22, 2012, the Bankruptcy Noticing Center notified the discharge order to Doral and other creditors.

10.  During the months of March and April 2012, Doral or its authorized collection agency made more than two dozen telephone calls to Debtors asking for the payment of the debt concerning their claim.

11.  After the discharge order, Doral filed a complaint against Debtors before the Commonwealth of Puerto Rico, Court of First Instance, Guayama Part.

12.  The complaint sought two legal remedies against Debtors: 1) a collection of money and 2) foreclosure of mortgage.

13.  Subsequently, on November 3, 2012, Doral executed an informative motion and requested a stay of local court proceedings because the Debtors had moved to reopen the bankruptcy case.

## II. DISCUSSION

The court may grant partial summary judgment if the motion and the supporting materials including the undisputed facts show that the movant is entitled to it, pursuant to Fed. R. Civ. P. 56, as made applicable to these proceedings by virtue of Fed. R.

Bankr. P. 7056.[1]

Two of the fundamental protections afforded a debtor under the bankruptcy system are the automatic stay and the discharge injunction. In re Gagliardi, 290 B.R. 808 (Bankr. D. Colo. 2003)(The automatic stay has been called "one of the fundamental protections that the Bankruptcy Code affords to debtors); Acosta v. Reparto Saman, Inc. (In re Acosta), 464 B.R. 86, 96 (Bankr. D.P.R. 2011)(The discharge is one of the fundamental in rem functions of the bankruptcy courts).

The automatic stay allows the debtor a "breathing spell" from collection efforts by its creditors while in bankruptcy and the discharge allows a financial "fresh start" as a result of the bankruptcy process. Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997); Laboy v. Firstbank P.R. (In re Laboy), Adv. No. 09-00047 (ESL), 2010 Bankr. LEXIS 345 (Bankr. D.P.R. Feb. 2, 2010); In re Latanowich, 207 B.R. 326, 334 (Bankr. D. Mass. 1997).

The filing of a bankruptcy petition triggers an automatic stay of "the commencement or continuation, including the issuance or employment of process, of a judicial,

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section," and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Along with halting lawsuits against a debtor, the automatic stay prevents creditors from collecting prepetition obligations of the debtors through telephone calls and dunning letters. 11 U.S.C. § 362(a); Colorado E. Bank & Trust v. McCarthy (In re McCarthy), 421 B.R. 550, 564 (Bankr. D. Colo. 2009); Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03(8)(a)(16th ed. 2013). The automatic stay therefore provides a debtor with some breathing room from creditors' demands. Baker v. Somerville Mun. Fed. Credit Union (In re Baker), 2006 Bankr. LEXIS 3183 (Bankr. D. Mass. 2006)(some breathing space is granted so that, among other things, he may exempt certain assets to utilize his "fresh start.").

An individual injured by a willful violation of an automatic stay shall recover actual damages, including costs and attorneys' fees, and may recover punitive damages in appropriate circumstances. 11 U.S.C. § 362(k); In re Seaton, 462 B.R. 582 (Bankr. E. D. Va. 2011).

Debtors contend that Doral violated the automatic stay when it appeared and actively sought legal remedies in the bankruptcy case. In particular, Debtors allege that the mere filing of a Notice of Appearance and Request for Notice through its legal

counsel in Debtors' consolidated bankruptcy cases, constitutes a willful act in violation of the stay.

The court holds that Doral did not incur in a willful violation of the automatic stay by the mere filing of an appearance and requesting to be notified of the bankruptcy proceedings. Although the automatic stay was in effect and Doral knew of this fact because it made an appearance in the bankruptcy case, such conduct is not proscribed by the Bankruptcy Code to constitute a violation of the stay.

The automatic stay prohibits acts that are against the debtor, against the property of the estate and against debtor's property. For instance, Section 362(a)(1) expressly bars "actions or proceedings against the debtor." Section 362(a)(2)prevents "enforcement against the debtor or against property of the estate" and Section 362(a)(5) disallows "any act to create, perfect, or enforce against property of the debtor." Doral's Notice of Appearance and Request for Notice is not an act against the debtor, against property of the debtor or against the estate, but merely informative.

The court finds the case of <u>Knowles v. Bayview Loan Servicing LLC (In re Knowles)</u>, 442 B.R. 150 (B.A.P. 1st Cir. 2011) instructive for the legal determination that Doral did not violate the stay by filing a court appearance. In <u>Knowles</u>, the

6

debtor accused the creditor of violating the automatic stay when it filed a proof of claim.  The appellate court rejected debtor's accusation because it is an act that is authorized by the Bankruptcy Code.  By analogy, Doral's act to notify the legal counsel that would be handling its bankruptcy case is sanctioned by local practice and not one that violates the automatic stay. In fact, the D.P.R.Civ.R. 83D(A) requires "an attorney who wishes to participate in any manner in an action must file a formal written appearance." Accordingly, the Court denies Debtors' request for partial summary judgment on the grounds of violation of the automatic stay by the mere filing of a Notice of Appearance and Request for Notice.

Debtors also contend that Doral committed a willful violation of the stay when Doral, through its employees or authorized collection agency, made more than two dozen telephone calls to them during a period of two months, March and April 2012.

This fact is substantiated and uncontested by the unanswered request for admissions served upon Doral by the Debtors in accordance with Fed. R. Civ. P. 36, made applicable through Fed. R. Bankr. P. 7036.  A party that is served a request for admission and fails to respond to the request is deemed to have admitted the request. Fed. R. Bankr. P. 7036(a).

7

The Statement of Uncontested Facts may cite admissions to support factual assertion. Fed. R. Civ. P. 56(c)(1)(A). A party opposing a motion for summary judgment must submit a counter-statement, which "shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation." D.P.R.Civ.R. 56(c). P.R. Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125 (1st Cir. 2010). By failing to answer the request for admissions and opposing the motion for summary judgment, Doral admitted that "during a period of two months, March and April 2012, Doral, or an authorized collection agency working for the benefit of Doral, made more than two dozens of phone calls to Debtor asking for the payment of the debt concerning this action."[2]

Any telephone calls made by Doral to Debtors after March 20, 2012 would not constitute a violation of the stay because the stay was in place from August 23, 2011 to March 20, 2012. The automatic stay commences upon the filing of a petition for bankruptcy relief and remains in effect for an act against property of the estate until such property is no longer property of the estate or for any other act until the earliest of the

---

[2] Docket No. 30, Debtors' Separate Statement of Uncontested Facts, Pursuant to District Court Local Rule 56(b) in Support of Motion for Summary Judgment, Exhibits 3 and 4.

8

time the case is closed, the time the case is dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(a),(c)(1)-(2). See also In re Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho, 361 B.R. 294, 299 (B.A.P. 1st Cir. 2007). The automatic stay began on August 23, 2011, when the petitions were filed and ended on March 20, 2012, when the discharge order was entered. By the same token, any telephone calls made by Doral to Debtors demanding payment from March 1, 2012 to March 19, 2012 would constitute a violation of the automatic stay. Due to the fact that the request for admission is unclear as to the exact dates that Doral contacted Debtors requesting payment, we are unable to grant partial summary judgment on the issue of violation of the automatic stay. Debtors will have to establish these facts at trial.

The next issue we need to examine is whether there was a violation of the discharge order. Debtor argues that Doral filed a collection of money and foreclosure action against Debtors before the local court, after the entry of the discharge order. The complaint demanded payment from the Debtors regarding the pre-petition obligations Debtors owed Doral stemming from the mortgage note executed by Debtors on March 4, 2003.

Section 524(a) protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor

9

whose claim had been discharged. Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 524.02 (16th Ed. 2013).  The discharge commences upon the entry of the order. See 11 U.S.C. §727(b); Fed. R. Bankr. P. 4004(c)(1).  The effects of the discharge are specified in Section 524, which states in pertinent part:

> (a) A discharge in a case under this title--
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(1) & (2).

If a creditor whose prepetition credit is subject to a bankruptcy discharge incurs in post-discharge efforts to collect on its claim, it will be liable for violation of the discharge injunction under § 524.

Section 524(a) does not constitute a blanket prohibition against all actions undertaken by creditors after the entry of discharge. Hence, it is important to ascertain which enforcement rights are retained and which ones are prohibited by the secured creditor as a result of the entry of the discharge injunction.

"Actions to collect against the debtor personally are enjoined. To pursue such in personam action against a debtor will constitute a violation of the discharge injunction under Section 542(a)(2).  In contrast, an action to enforce a lien against the encumbered property is an action in rem. Such in rem actions are not prohibited by a discharge.  Once there is a discharge injunction in place, even after the foreclosure sale, there will be no recourse available against the debtor for any deficiency. 3 Norton Bankr. L. & Prac. ¶ 58:4 (3d. ed. 2013)(hereinafter "Norton"). See also In re Smiley, 26 B.R. 680, 684 (Bankr. D. Kan. 1982)(Section 524(a)(2) does not preclude creditors holding unavoided liens from exercising their in rem rights post discharge); In re Cassi, 24 B.R. 619, 626 (Bankr. N.D. Ind. 1982)(a valid, pre-filed lien that is not otherwise avoided during the bankruptcy proceedings is not extinguished by the discharge and remains enforceable in rem).

In this case, the order of discharge was entered on March 20, 2012, and notified to Doral on March 22, 2012. Subsequently, on June 7, 2012, Doral filed the complaint for collection of money against the Debtors and foreclosure of the Debtors' real property.  The action to foreclose on the real property is not barred by the discharge order because Doral's secured claim is not discharged.  Therefore, it is free to

11

enforce its in rem remedies against Debtor's real property after the entry of the discharge injunction.

After the entry of the discharge order in the legal case, Doral still had a valid mortgage lien on debtors' real property. Doral had every right to pursue a foreclosure action against the real property.  However, Doral did not limit its complaint to foreclose on the real property.  Doral also demanded payment from the Debtors.  The action for collection of money against the Debtors constitutes an in personam action of a prepetition debt subject to a discharge injunction and therefore violates the discharge, pursuant to 11 U.S.C. § 524(a)(2).  The court holds that Debtors are entitled to partial summary judgment on the grounds that Doral violated the discharge when it filed a complaint demanding payment on a prepetition debt from the discharged Debtors but not as to its request for foreclosure of the real property.

As to Doral's demand for payment through telephone calls during March and April 2012, there is a violation of a discharge injunction for those calls made after March 20, 2012, the date of the order of discharge entered by the court, but not for the calls made before that date.  As stated earlier, since the request for admissions are unclear, the motion for partial summary judgment is denied as to violation of discharge based on

12

telephone calls.  Debtor will have to prove this point at trial.

**<u>ORDER</u>**

For the reasons expressed above, Plaintiffs' Motion for Partial Summary Judgment is denied in part and granted in part. As to the allegations for violation of the automatic stay for filing the Notice of Appearance and Request for Notice, it is denied. Regarding the contention that Doral violated the order of discharge by filing an <u>in personam</u> collection action, it is granted. As to the allegation for violation of the discharge order because Doral filed a foreclosure action, it is denied.

The Court shall schedule a trial on the matter of whether the telephone calls made by Doral to Debtors were in violation of the automatic stay and/or the discharge injunction and as the issue of damages concerning violation of the discharge for filing a collection complaint and any possible telephone calls that were in violation of the automatic stay and/or the discharge.

A joint pretrial is set for January 15, 2014, at 9:00 A.M. and the parties are ordered to file a joint pretrial report seven (7) days before the hearing.

13

In San Juan, Puerto Rico, this 22th day of October, 2013.

Mildred Caban Flores
U. S. Bankruptcy Judge

14